JS6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No. 5:23-cv-02512-DOC-DTBx           Date:  January 10, 2024

Title: The Estate Nassir Black v. Giant Inland Empire RV Center Inc., et al.

---

PRESENT:

### THE HONORABLE DAVID O. CARTER, JUDGE

| Karlen Dubon | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

---

**PROCEEDINGS (IN CHAMBERS):**   **ORDER DISMISSING ACTION FOR FAILURE TO PROSECUTE AND OBEY COURT ORDERS**

## I. Background

Plaintiff The Estate of Nassir Black, an estate proceeding pro se, filed a Complaint for Tort ("Complaint") (Dkt. 1). Plaintiff also filed a request to proceed in forma pauperis (Dkt. 2). The Court issued an Order to Show Cause Why this Case Should Not Be Dismissed ("Order") (Dkt. 6). In the Order, the Court explained that the Central District's Local Rules permit "[o]nly individuals [to] represent themselves *pro se*." Order at 1 (quoting L.R. 83-2.2.2). The Court concluded by ordering Plaintiff to show cause for why this case should not be dismissed for appearing improperly without legal counsel. *Id.* Plaintiff responded to the Order on December 28, 2023 ("Response") (Dkt. 9), but Plaintiff did not retain legal counsel. In its Response, Plaintiff indicated that the trustee cannot hire a lawyer because doing so may breach his fiduciary duty to the trust. *Id.* at 4.

## II. Discussion

Dismissal of this action is warranted due to Plaintiff's failure to prosecute this case and comply with court orders. The Court has the inherent power to achieve the orderly

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 5:23-cv-02512-DOC-DTBx                             Date: January 10, 2024

Page 2

and expeditious disposition of cases by dismissing actions pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute and failure to comply with a court order. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962); *Pagtalunan v. Galaza*, 291 F.3d 639, 640 (9th Cir. 2002). The Court weighs the following factors when determining whether to dismiss an action for failure to comply with a court order or failure to prosecute: (1) the public's interest in the expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendant; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Pagtalunan*, 291 F.3d at 642.

       The first, second, third, and fifth factors weigh in favor of dismissal. First, Plaintiff has failed to respond to the Court's order to obtain counsel, even though it was expressly warned that failure to retain counsel would result in this case being dismissed. *See* Order at 1. Plaintiff has failed to prosecute its case. This failure to prosecute has interfered with the public's interest in the expeditious resolution of this litigation and the Court's need to manage its docket. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) ("[T]he public's interest in expeditious resolution of litigation always favors dismissal."). Second, Plaintiff has failed to rebut the presumption that defendant has been prejudiced by this unreasonable delay. *In re Eisen*, 31 F.3d 1447, 1452-53 (9th Cir. 1994) ("The law presumes injury from unreasonable delay.") (quoting *Anderson v. Air West, Inc.*, 542 F.2d 522, 524 (9th Cir. 1976)). Third, there is no less drastic sanction available. The Court's OSC warned Plaintiff that this action would be dismissed if it failed to obtain counsel. Accordingly, the Court has taken meaningful steps to explore alternatives to dismissal. *See Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) ("The district court need not exhaust every sanction short of dismissal before finally dismissing a case but must explore possible and meaningful alternatives."). Finally, although the fourth factor always weighs against dismissal, Plaintiff's failure here to discharge its responsibility to move the case forward outweighs the public policy favoring disposition on the merits. *Morris v. Morgan Stanley Co.*, 942 F.2d 648, 652 (9th Cir. 1991) ("Although there is indeed a policy favoring disposition on the merits, it is the responsibility of the moving party to move towards that disposition at a reasonable pace[.]"). Dismissal is therefore warranted under Fed. R. Civ. P. 41(b).

       Plaintiff seeks to avoid dismissal by relying on *Donkin v. Donkin Jr.*, 47 Cal. App. 5th 469 (2020). Response at 4. But that case hurts, rather than helps, Plaintiff's position. In *Donkin*, the court drew a distinction between cases "between trustees and trust beneficiaries in the context of probate proceedings" and those between "trustees and a

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 5:23-cv-02512-DOC-DTBx | Date: January 10, 2024 |
| | Page 3 |

third party in nonprobate litigation." *Donkin*, 47 Cal. App. 5th at 476. In the latter type of case, the trustee "effectively speak[s] for the interests of the trust beneficiaries…and, as a nonlawyer" cannot represent those beneficiaries. *Id.* at 472. Here, Plaintiff is suing a third-party in a non-probate matter, so it must be represented by a lawyer. *See id.*

### III.  Disposition

For the reasons set forth above, the Court **DISMISSES WITH PREJUDICE** this case. The IFP (dkt. 2) is **DENIED AS MOOT**.

The Clerk shall serve this minute order on the parties.

| | |
|---|---|
| MINUTES FORM 11 | Initials of Deputy Clerk: kdu |
| CIVIL-GEN | |